### GOLDBERG v. WEINBERGER et al.

(Supreme Court, Appellate Term. April 8, 1909.)

1. WITNESSES (§ 379*)—CREDIBILITY—INCONSISTENT STATEMENTS.

In an action for breach of an employment contract, under which plaintiff testified that he was entitled to receive $40 per week, instead of $35, as claimed by defendants, the court erred in refusing to permit evidence of plaintiff's declarations that his wages during the time he was in defendants' employ were less than he testified they were, as affecting his credibility.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1209, 1220, 1247; Dec. Dig. § 379.*]

2. MASTER AND SERVANT (§ 41*)—EMPLOYMENT CONTRACT—BREACH—EVIDENCE.

In an action for breach of an employment contract, evidence that plaintiff had worked for N. after his discharge, and before the end of the term for which he sought to recover damages, which employment he had failed to disclose, was admissible.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 53; Dec. Dig. § 41.*]

Appeal from City Court of New York, Trial Term.

Action by Herman Goldberg against Henry Weinberger and others. From a City Court judgment in favor of plaintiff, and from an order denying defendants' motion for a new trial, they appeal. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and SEABURY and LEHMAN, JJ.

Grauer & Rathkopf (Joseph G. Grauer and Charles A. Rathkopf, of counsel), for appellants.

Henry Kuntz (Sigmund Horkimer, of counsel), for respondent.

PER CURIAM. Plaintiff claims that on January 1, 1908, he made an oral contract with defendants, whereby the latter employed the former as a designer for one year from January 1, 1908, at a weekly salary of $40, out of which defendants were to retain $5 a week as security for plaintiff's performance of his duties, until the end of the year, and that plaintiff performed his duties until March 14, 1908, when he was discharged without cause. Plaintiff found employment elsewhere for a short period, but claims that he was unable to get further employment during the term of the contract, and he sues for the amount due him on the contract, less the amount earned elsewhere. The defend-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ants claim that the only contract of employment between the parties was for no defined period, other than weekly, and could be revoked at will by either party, and that plaintiff was only entitled to a weekly salary of $35 instead of $40. On the issues of fact presented the jury found for plaintiff. Defendants appeal.

We should not be inclined to interfere with the judgment, were it not for certain errors in the exclusion of evidence. One Louis Cohen was called to prove that plaintiff had stated to him that his wages in defendants' employ were not as claimed by plaintiff at the trial, which testimony bore upon plaintiff's credibility, and should not have been excluded. One Newmark also was called to show that plaintiff worked for him also, between the time of his discharge and the end of the year, although plaintiff had omitted to so state. This testimony should have been admitted, as it not only bore upon plaintiff's credibility, but also was important as tending to show that there should have been a further deduction from his claim against defendants.

The alleged errors in the charge are unavailable to defendants, as no exceptions were taken thereto; but we think a sufficient reason is shown for a reversal.

Judgment reversed, and new trial ordered, with costs to appellants to abide the event.